KINDER *v.* WEBB.

5-3731                                    396 S. W. 2d 823

Opinion delivered December 13, 1965.

*Williams & Gardner,* for appellant.

*R. M. Priddy,* for appellee.

GEORGE ROSE SMITH, J. The appellants, J. C. Kinder and Geno Johnston, are ministers in a Baptist denomination, the Free Will Baptists. Charges of misconduct were brought against them in their own church, the Oak Grove Free Will Baptist Church. After a hearing the congregation acquitted both men by a vote of 14 to 9. The matter was then carried before a higher organization, the Antioch Association of Free Will Baptists. There both

men were found guilty of the charges. At the direction of the Association they surrendered their Certificates of Ordination.

The two ministers then filed this suit in equity to enjoin the officers of the Antioch Association and the county clerk from attempting to cancel their licenses and credentials. See Ark. Stat. Ann. § 55-218 (1947). After a hearing the trial court dismissed the complaint on the ground that the plaintiffs had not proved an equitable cause of action.

The plaintiffs contend that under the controlling rules of the national denomination each local church is completely self-governing and alone possesses the power to discipline its own members. It is argued that a regional association such as Antioch may take action against its own member churches but cannot take disciplinary measures against the individual members of a local church, whether they be ministers or laymen. Hence it is insisted that the Antioch Association exceeded its powers in attempting to revoke the plaintiffs' Certificates of Ordination.

Both sides refer to a booklet containing the rules and regulations adopted by the national denomination. With respect to the question now at issue there is some ambiguity. On the one hand, there is no rule stating that a minister or church member may be disciplined by a regional association. On the other hand, the prescribed form of a Certificate of Ordination recites that it may be recalled by the association (here Antioch) to which the minister belongs. The Certificates issued to the two plaintiffs contained that recital.

We agree with the chancellor's conclusion that this is not properly a controversy for the civil courts. It is firmly settled that the civil courts will not assume jurisdiction of a dispute involving church doctrine or discipline unless property rights are involved. *Sanders* v. *Baggerly*, 96 Ark. 117, 131 S. W. 49 (1910). The plaintiffs have failed to bring themselves within that rule in the case at bar.

The two plaintiffs were formerly employed by one or more local churches to conduct Sunday services and revival meetings for stipends that were mutually agreed upon. Since the action that was taken by the Antioch Association the local churches have no longer been willing to engage the plaintiffs' services. Hence, it is said, the assertedly unauthorized action of the Antioch Association has brought about a pecuniary loss to the plaintiffs.

The proof does not support this argument. It is an undisputed fact that the congregation of each Free Will Baptist church is an autonomous body. The various congregations are not bound by the disciplinary action purportedly taken by the Antioch Association. Any congregation is at liberty to engage the services of the plaintiff ministers whether Antioch's attempted discipline was authorized or unauthorized by church law. Hence any pecuniary loss that the appellants may have suffered is the result of decisions made by the local congregations rather than by the Antioch Association. It is not within the province of a civil court to intervene in a situation such as this one.

Affirmed.